(88 Misc. Rep. 37)

## WILSON v. RAZZETTI et al.

(Supreme Court, Appellate Term, First Department. December 7, 1914.)

CIVIL RIGHTS (§ 13*)—ACTIONS FOR PENALTIES—DEFENSES.

In an action by a colored woman against a restaurant keeper to recover the statutory penalty given by Civil Rights Law (Consol. Laws, c. 6) §§ 40, 41, for refusal to serve plaintiff, a defense that the defendants were out of food is frivolous, where it appears that others were served just before and just after plaintiff ordered, and a judgment for defendants, based on such defense, cannot be sustained.

[Ed. Note.—For other cases, see Civil Rights, Cent. Dig. §§ 11, 12; Dec. Dig. § 13.*]

Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Lucie L. Wilson against Arturo Razzetti and another. Judgment for the defendants, and plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Charles E. Toney, of New York City, for appellant.
Samuel L. Sargent, of New York City, for respondents.

SEABURY, J. Plaintiff, a colored woman, who was a citizen of the United States brings this action against the defendants, as owners and proprietors of a restaurant, to recover a statutory penalty under sections 40 and 41 of the Civil Rights Law of the state. That the defendants refused to serve the plaintiff was conclusively proven. We cannot affirm this judgment without giving credence to the absurd and frivolous claim of the defendants that the reason why they did not serve the plaintiff was that they were out of food. In view of the character of the defendants' business, and that at the time the defendants refused to serve the plaintiff there were other persons being served with food in the restaurant, and that within a few minutes thereafter a white man was served from the menu handed him, without any pretense of lack of food, we are unable to accept the excuse offered by the defendants. The statute was shown to have been violated, and the defense sought to be established was a mere pretense unworthy of belief.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

COHALAN, J., concurs. BIJUR, J., dissents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes